Floyd W. Bybee, #012651
**Law Office of**
**Floyd W. Bybee, PLLC**
4445 E. Holmes Ave., Suite 107
Mesa, AZ 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Veronica D. Villegas,** p.k.a. Estrada, an individual;<br><br>Plaintiff,<br><br>v.<br><br>**Weinstein & Riley, P.S.,** a Washington corporation;<br>**Faslo Solutions, LLC,** a Delaware limited liability company;<br>**Richard S. Ralston,** an individual,<br><br>Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiff alleges as follows:

## I. Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. (hereinafter "FDCPA"). In the course of attempting to collect a debt allegedly owed by Plaintiff, Defendants engaged in deceptive, unfair and

abusive debt collection practices in violation of the FDCPA.  Plaintiff seeks to recover actual damages, and statutory damages, as well as reasonable attorney's fees and costs.

## II.  Statutory Structure of FDCPA

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt.  FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes.  FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as  any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection  of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.  FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000;

1 | attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

### III. Jurisdiction

8. Jurisdiction of the Court over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. §1337.  Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

### IV. Parties

9. Plaintiff is an individual residing in Maricopa County, Arizona.
10. Plaintiff is allegedly obligated to pay a consumer debt.
11. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).
12. Defendant Weinstein & Riley, P.S. (hereinafter "W&R") is a Washington corporation, and a law firm with its primary offices located at 2001 Western Avenue, Suite 400, Seattle, Washington.
13. W&R employs one or more attorney's  licensed to practice law in the state of Arizona and in the Arizona courts.
14. W&R is engaged in the business of collecting debts alleged to be due another.
15. W&R is a  "debt collector" as defined by FDCPA § 1692a(6).
16. Defendant Richard S. Ralston is an Arizona licensed attorney employed by W&R.
17. Ralston also hold the position of an officer (Treasurer)  of W&R.
18. Ralston engages in the business of collecting debts alleged to be due another.
19. Ralston is a "debt collector" as defined by FDCPA § 1692a(6).

20. W&R also employs non-attorneys to assist the firm in the collection of debts alleged to be due another.

21. W&R is liable for the acts of it's employees and agents within the scope of their authority under the doctrine of respondent superior.

22. Defendant Faslo Solutions, LLC is a Delaware limited liability company authorized to conduct business in Arizona.

23. Faslo is engaged in the business of collecting debts alleged to be due another.

24. Faslo is licensed by the Arizona Department of Financial Institutions as a collection agency, with license number 0910492.

25. Faslo is a "debt collector" as defined by FDCPA § 1692a(6).

26. At all times relevant herein, W&R and Ralston acted as agents of EMC Mortgage Corporation and / or Faslo Solutions, LLC in the collection or attempted collection of an alleged debt from Plaintiff.

### V.  Factual Allegations

27. In February 2006, Plaintiff financed the purchase of her family's home in Phoenix, Arizona using two loans secured by deeds of trust in what is commonly known as a 80/20 loan, the first loan being 80% of the home's value, and the second 20%.

28. EMC Mortgage purchased both promissory notes from Pulte Mortgage shortly after Plaintiff closed on her home.

29. Both EMC promissory notes were purchase money loans subject to A.R.S. §§ 33-729 and 33-814.

30. Because of a divorce, and as a single mother of two children, Plaintiff was unable to maintain the payments on the home and ultimately gave

|   |     |                                                                                     |
|---|-----|-------------------------------------------------------------------------------------|
| 1 |     | possession of the home back to EMC Mortgage.                                        |
| 2 | 31. | On or about August 20, 2008, Defendants Ralston and his firm W&R filed suit on behalf of EMC Mortgage in Maricopa County Superior Court against Plaintiff claiming a deficiency balance of $56,078.17 on the second position promissory note. |
| 6 | 32. | Attached to the complaint in support of the allegations therein was an Affidavit of Indebtedness and Assignment signed by Micheaux Briley, a Recovery and Records Manager of Faslo Solutions, LLC. |
| 9 | 33. | In the Faslo affidavit, Briley states that "[t]he account was originated with Pulte Mortgage LLC on 02/08/2006" and that "EMC Mortgage Corporation purchased this account from Pulte Mortgage LLC," and that EMC Mortgage Corporation engaged Faslo Solutions, LLC to service the account and has provided full authorization to Faslo Solutions, LLC to sue on the account. . . ." |
| 15 | 34. | Briley also states in the Faslo affidavit, that she has "personally reviewed the complaint to be filed against the above- listed debtor and affirm that its contents are true and correct. . . ." |
| 18 | 35. | Defendants served or caused Plaintiff to be served at her parents' home on or about September 13, 2008. |
| 20 | 36. | Her nine-year-old daughter, who was at her grandparent's home when the papers were served, called Plaintiff on the phone and asked "Mom, some guy just dropped off some papers on the old house, mom, are you okay?" |
| 23 | 37. | As Plaintiff drove to her parent's home to pick up the papers, she became very worried, and emotionally upset, concerned about her family's welfare and not knowing whether she would be able to continue to support her |

|    |     |                                                                                    |
|----|-----|------------------------------------------------------------------------------------|
| 1  |     | family with the pending lawsuit.                                                   |
| 2  | 38. | Upon information and belief, Defendants have filed other similar suits against Arizona consumers on defaulted purchase money home loans, and that it is a regular practice of Defendants to do so. |
| 5  | 39. | The actions taken by Defendants as set forth above were illegal, and made with intent to harass, embarrass and humiliate Plaintiff and coerce payment out of her. |
| 8  | 40. | As a result and proximate cause of Defendants' actions, Plaintiff has suffered actual damages.  These damages include, but are not limited to, legal fees and court costs, headaches, loss of sleep, inability to concentrate, depression, humiliation, crying, embarrassment, and other extreme emotional distress. |
| 13 | 41. | As a result of Defendants' actions as outlined above, Plaintiff has suffered actual damages, including incurring legal fees and court expenses, embarrassment, humiliation, and anger, and other emotional distress. |
| 16 | 42. | Defendants' actions as outlined above were intentional, willful, and in gross or reckless disregard of Plaintiff's rights and part of its persistent and routine practice of debt collection. |
| 19 | 43. | In the alternative, Defendants' actions were negligent.                            |

**VI.  Causes of Action**

**a.  Fair Debt Collection Practices Act**

44. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.
45. Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692(5), 1692e(8),

| | |
|---|---|
| 1 | 1692e(10), 1692f, 1692f(1), and 1692g. |
| 2 | 46.   As a direct result and proximate cause of Defendants' actions in violation |
| 3 | of the FDCPA, Plaintiff has suffered actual damages. |

**VII.  Demand for Jury Trial**

Plaintiff hereby demands a jury trial on all issues so triable.

**VIII.  Prayer for Relief**

WHEREFORE, Plaintiff requests that judgment be entered against Defendants and each of them for:

a) Statutory damages of $1,000.00 per defendant pursuant to §1692k;

b) Actual damages in an amount to be determined by trial;

c) Costs and reasonable attorney's fees pursuant to §1692k; and

d) Such other relief as may be just and proper.

DATED   December 10, 2008   .

 s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**Law Office of
Floyd W. Bybee, PLLC**
4445 E. Holmes Ave., Suite 107
Mesa, AZ 85206-3398
Office:  (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff